IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR EVANS,<br><br>        Plaintiff,<br>   v.<br><br>U.S. DEPARTMENT OF EDUCATION *ex rel.*<br>CALIFORNIA STATE UNIVERSITY<br>STANISLAUS,<br><br>        Defendant(s).<br>_____/ | No. C 05-03185 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

Defendant U.S. Department of Education has filed a motion to dismiss for failure to state a claim under Fed R. Civ. P. 12(b)(6). Pursuant to Civil Local Rule 7-1(b), the Court determines the motion without oral argument, and VACATES the February 17, 2006, hearing and case management conference. Having carefully considered all the pleadings filed by the parties, the Court hereby GRANTS defendant's motion and DISMISSES WITHOUT LEAVE TO AMEND.

**BACKGROUND**

On August 5, 2005, plaintiff Jamar Evans filed a *pro se* complaint against the Department of Education. The complaint does not contain any factual allegations. Plaintiff's complaint consists of two pages listing four "counts" under 18 U.S.C. §§ 241, 242, and 245, and 42 U.S.C. § 14141, and numerous attachments.[1] Based upon the various attachments to the complaint, it appears plaintiff believes he was

---

[1] Plaintiff has attached nine documents to his complaint. These documents include: (1) a Student Discipline: Incident Report Form ("IRF") filed by plaintiff's English professor at California State University, Stanislaus ("CSUS"), against plaintiff; (2) various letters from CSUS administrators responding to the IRF and to plaintiff's allegations regarding the incident with his English professor; (3) plaintiff's student schedule / bill; (4) the Discrimination Complaint Form ("DCF") plaintiff filed with the Department of Education Office for Civil Rights ("OCR"); and (5) OCR's responses to plaintiff's DCF.

discriminated against based on his race and gender while a student at CSUS. The July 14, 2005, letter from the Office of Civil Rights that plaintiff attached to his complaint describes plaintiff's administrative complaint as follows:

> 1. Because you are an African-American male, your English professor incorrectly graded a pop quiz, resulting in a score of 1 out of 10 points; when you approached her, she became agitated and refused to discuss the grade with you.
>
> 2. In retaliation against you for filing a race discrimination complaint against your English professor based on the incident described in allegation 1, above, your English professor filed a complaint against you with the coordinator of Student Discipline, alleging you engaged in abusive behavior toward her in violation of the CSU Student Discipline Code.
>
> 3. Because you are African-American, the University assigned African-American administrator to investigate the claims filed by you against your English professor, and by your English professor against you. The administrators were not competent to handle the investigation.
>
> 4. Because you are an African-American male, your Political Science professor will not let you make up an exam that was given while you were absent from class following the incident with your English professor.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Plaintiff's complaint does not state a claim upon which relief can be granted. Plaintiff sues under three criminal statutes, 18 U.S.C. §§ 241, 242, and 245, and under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141. The first two criminal statutes, 18 U.S.C. §§ 241 and 242, outlaw conspiracies to violate civil rights and deprivation of civil rights under color of law, and state that violations of these statutes are punishable by fine and/or imprisonment. The third statute, 18 U.S.C. § 245, generally outlaws the use of force to prevent any person from exercising one's civil rights, or to prevent any protected class from attending school, and receiving government benefits, among other things. The last statute, 42 U.S.C. § 14141, prohibits employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles from engaging in a pattern or practice of conduct that deprives one of their civil rights.

None of the statutes listed in the complaint provides plaintiff with a private right of action. Various courts in this circuit have concluded that the three criminal statutes do not give rise to a private right of action. *See*, *e.g.*, *Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968) (no affirmative relief available under 18 U.S.C. §§ 241 and 242); *Cooley v. Keisling*, 45 F. Supp. 2d 818, 820 (D. Or. 1999) ("18 U.S.C. § 245 is a criminal statute and does not grant the plaintiff a private right of action. The enforcement of this provision of federal law rests in the discretion of the Attorney General of the United States."). Similarly, only the Attorney General may initiate a civil action to enforce 42 U.S.C. § 14141. 42 U.S.C. § 14141(b). Moreover, the Department of Education is not a "governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles." 42 U.S.C. § 14141(a).[2]

---

[2] Plaintiff's opposition incorrectly asserts that the complaint alleges a cause of action under the Fourteenth Amendment. Even if this were so, such a claim fails. The Fourteenth Amendment prohibits, among other things, a state from depriving any person of life, liberty, or property, without due process of law. U.S. CONST. amend. XIV, § 1. However, the Fourteenth Amendment does not apply to the Department of Education, a federal government agency, unless the Department of Education was acting

3

Having concluded that plaintiff's complaint does not state a claim upon which relief may be granted, the Court must now decide whether to grant plaintiff leave to amend.[3] The Court concludes that granting leave to amend would be futile and finds instructive *Washington Legal Foundation v. Alexander*, 984 F.2d 483 (D.C. Cir. 1993). In that case, the plaintiff sued the Department of Education claiming to have a cause of action under the Administrative Procedures Act ("APA") to compel it to enforce Title VI against a number of federal-funded educational institutions. *Id.* at 486. The court held that the plaintiffs did not have a remedy under the APA against the Department of Education to because they had an adequate alternative remedy available against the individual institution. *Id.* at 486-87. Here, plaintiff's complaint arises out of events that occurred while he was a student at CSUS. Accordingly, plaintiff has an adequate alternative remedy in the form of pursuing an action against CSUS. If plaintiff wishes to pursue an action against CSUS, he must do so in the Eastern District of California.[4]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss WITHOUT LEAVE TO AMEND. (Docket No. 5).

**IT IS SO ORDERED.**

Dated: February 6, 2006

SUSAN ILLSTON
United States District Judge

---

under color of state authority, or on the state's behalf. *See Kwan Fai Mak v. FBI*, 252 F.3d 1089, 1094 (9th Cir. 2001). This complaint does not contain any allegations that the Department of Education was acting under color of state authority or on the state's behalf.

[3] In plaintiff's opposition, he asserts that his complaint asserts a cause of action under the Fourteenth Amendment. Even if this were so, it fails. The Fourteenth Amendment prohibits, among other things, a state from depriving any person of life, liberty, or property, without due process of law. U.S. CONST. amend. XIV, § 1. However, this does not apply to the Department of Education, a federal government agency, unless the Department of Education was acting under color of state authority, or on the state's behalf. *See Kwan Fai Mak v. FBI*, 252 F.3d 1089, 1094 (9th Cir. 2001). This complaint did not contain any allegations that the Department of Education was acting under color of state authority or on the state's behalf.

[4] Plaintiff is a resident of Merced County and all events that would support a cause of action appear to have occurred at CSUS, located in Stanislaus County. Both Merced and Stanislaus County are located within the jurisdiction of the Eastern District of California.

4